## DAVID W. DYER *vs.* WILLIAM H. BRACKETT and schooner DANIEL WEBSTER.

*Lien on vessel—when omission of credit will not defeat. Amendment. Affidavit of claim.*

In a suit to enforce a lien on a vessel, where, without fraudulent intention but through forgetfulness, there was an omission to render in the specification certain small credits, and such omission is discovered before trial and seasonably communicated to the defendant, who disclaims any objection to the omission, the plaintiff should have leave to amend so as to make his writ valid and sufficient.

An oath that the plaintiff in his belief had a lien for the amount of his claim, is sufficient where the statute requires an oath of his belief that he has a lien for the whole or a part thereof.

ON REPORT.

This is an action to enforce a lien for labor and materials furnished for repairing the schooner Daniel Webster, to the amount of $2,346.11; brought under R. S., c. 91, § 9.

The concluding paragraph of the plaintiff's oath to the specification was: " I believe that, by the laws of this State of Maine, I have a lien on said vessel for the amount thereof."

Upon the trial the plaintiff testified, among other things, that he had omitted to credit the defendant with several articles of the value of $18.01; that he had forgotten these credits at the time the suit was brought and, discovering the omission after the attachment had been made, spoke to the defendant about it, who said it made no difference ; it was all right between them.

The case was reported to this court to determine whether the plaintiff could maintain his suit for a lien against the vessel.

*A. G. Jewett* and *W. H. Fogler*, for plaintiff.

. The statute is remedial and should be liberally construed so as to practically benefit the mechanic. *Winslow* v. *Kimball*, 25 Maine, 495.

It contemplates that mistakes may occur as to amount of claim. R. S., c. 91, § 16. *Deering* v. *Lord*, 45 Maine, 275; *McCabe* v. *McRea and Ship Enterprise*, 58 Maine, 98.

*J. F. Godfrey*, for defendant.

PETERS, J. The plaintiff sued out his writ to enforce a lien for materials and labor furnished the schooner Daniel Webster, by virtue of the provisions of R. S., c. 91. Section 9 of the chapter referred to, among other things requires that " the specification annexed to the writ shall contain a just, true, and particular account of the demand claimed to be due the plaintiff with all just credits." He annexed to his writ a specification of items due him of about $2,400, and gave a small credit, but omitted to credit a further sum of about $18 which should have been credited. Such omission was occasioned through forgetfulness and inadvertency without any intention to deceive or defraud. The error was discovered before trial, and seasonably communicated by the plaintiff to the defendant, who disclaimed any objection on account of it. If the plaintiff should amend so as to credit the sum omitted, then his specification would be just what the statute requires it should be, and his writ will be valid and sufficient. In all admiralty proceedings amendments are allowed to both libel and answer, where justice requires it, even though the papers to be amended have been sworn to. To require that a specification, such as this, should be literally exact in all respects and under all circumstances, would be so rigid an interpretation of the statute as to take away from parties in many cases the beneficial purposes for which it was designed. It would require a person to construe

all questions, both of law and fact, with the utmost correctness at his peril. We think under the circumstances of this case an amendment should be allowed.

In *Lynch* v. *Cronan*, 6 Gray, 531, cited by the defendant, the mechanic in his certificate claimed $24.06; credited $1, when he should have credited $5. No reason whatever appears why the true credit was not given. The court were divided in the opinion. In *Story* v. *Buffum*, 8 Allen, 35, also relied on by the defendant, the builder of a vessel claimed $4,250; declared in his certificate that a large credit should be given, but credited nothing. The sum which should have been credited proved to be $3,208.69. The plaintiff testified that when he subscribed his statement he knew over $3,200 had been paid, and that he could easily have ascertained the true sum to be credited upon inquiry. The court say he should, at least, have credited the $3,200. These cases are unlike the case at bar. Besides, in the Massachusetts statute there is a provision that the lien shall be dissolved unless the person, seeking to avail himself of it, within four days files in the office of the town clerk, if personal, and registry of deeds, if real property, a certificate in the language before quoted. Here is a positive condition fixed by statute, which must be complied with to keep a lien effectual. The court could allow no amendment of the original certificates, for they would not be within the control of the court for that or any other purpose. Our statute, so far as relating to a lien upon vessels, has no such or any similar provision.

The plaintiff made oath that in his belief he had a lien on the vessel "for the amount of his claim." Is this insufficient where the statute requires that his oath shall declare a lien "for the whole, or a part thereof?" The whole certainly includes all the parts. The limitation in the oath need be observed only when the party making the oath has any doubt or belief requiring it.

*Action to stand for trial with leave to amend.*

Appleton, C. J.; Cutting, Walton, Dickerson, and Barrows, JJ., concurred.